## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-62693-BLOOM/Valle

ABS-CBN CORPORATION, *et al.*,

      Plaintiffs,

vs.

ABSCBNPINOY.COM, *et al.*,

      Defendants.

_____/

## SEALED ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "Application for Temporary Restraining Order"), ECF No. [5]. The Court has carefully considered the Application for Temporary Restraining Order, the record in this case, and the applicable law, and is otherwise fully advised.

By the instant Application, Plaintiffs, ABS-CBN Corporation, ABS-CBN Film Productions, Inc., d/b/a Star Cinema, and ABS-CBN International ("Plaintiffs") move, *ex parte*, pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502(a), Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order and an order restraining the financial accounts used by Defendants,[1] and upon expiration of the temporary restraining order, a preliminary injunction against Defendants, for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and the Copyright Act, 17 U.S.C. § 101 *et seq*.

_____

[1] Defendants are the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants")

Case No. 19-cv-62693-BLOOM/Valle

Because Plaintiffs have satisfied the requirements for the issuance of a temporary restraining order, the Court grants Plaintiffs' Application for Temporary Restraining Order.

## I.   FACTUAL BACKGROUND[2]

Plaintiff ABS-CBN International is the registered owner of the following trademarks registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "ABS-CBN Registered Marks"):

| Trademark | Registration Number | Registration Date | Class/Services |
|---|---|---|---|
| ABS-CBN | 2,334,131 | March 28, 2000 | IC 036 – telephone calling card services<br><br>IC 038 – Television broadcasting services via satellite and cable |
| TFC | 3,733,072 | Jan. 5, 2010 | IC 038 – Television broadcasting services via satellite and cable<br><br>IC 041 – Production and programming of television shows, entertainment and a variety of programming distributed over television, satellite and via a global computer network |

*See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 5; ECF No. [1-2] (containing Certificates of Registrations for the ABS-CBN Registered Marks at issue). ABS-CBN Registered Marks are used in connection with the creation and distribution of quality entertainment content in the categories identified above. *See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 4-5.

Plaintiff ABS-CBN International is further the owner of all rights in and to the following common law trademark (the "ABS-CBN Common Law Mark"):

---

[2] The factual background is taken from Plaintiffs' Complaint, ECF No. [1], Plaintiffs' Application for Temporary Restraining Order, ECF No. [5], and supporting evidentiary submissions. Plaintiffs filed declarations and exhibits annexed thereto in support of their Application for Temporary Restraining Order. The declarations are available in the docket at the following entries: Declaration of Elisha J. Lawrence, ECF No. [5-1], and Declaration of Christine Ann Daley, ECF No. [5-2].

Case No. 19-cv-62693-BLOOM/Valle

| Trademark |
| --- |
|  |

*See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 6. The ABS-CBN Common Law Mark is used in connection with the creation and distribution of quality entertainment content. *See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 6. Together, the ABS-CBN Registered Marks and the ABS-CBN Common Law Mark are referred to as the "ABS-CBN Marks." Plaintiffs ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International share exclusive rights in and to the ABS-CBN Marks. Moreover, ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International are all licensed to use and enforce the ABS-CBN Marks. *See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 6.

Plaintiff ABS-CBN Film Productions, Inc. is the owner of the registered copyrights in and to the movies specifically identified in Exhibit 2 to the Complaint, ECF No. [1-3]. *See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 4. Moreover, Plaintiff ABS-CBN Corporation is the owner of many unregistered copyrights, including but not limited to those specifically identified in paragraph 26 of the Complaint and in Exhibit 3 thereto, ECF No. [1-4]. *See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 4. Collectively, these registered and unregistered copyrighted works are referred to herein as the "Copyrighted Works." ABS-CBN Corporation, ABS-CBN Film Productions, and ABS-CBN International all share exclusive rights in and to the Copyrighted Works. *See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 4.

Case No. 19-cv-62693-BLOOM/Valle

Defendants, through the various Internet websites operating under their domain names identified on Schedule "A" hereto (the "Subject Domain Names") have advertised, promoted, offered for distribution, distributed and/or publicly performed the Copyrighted Works under what Plaintiffs have determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the ABS-CBN Marks. *See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 12-15; *see also* Declaration of Christine Ann Daley, ECF No. [5-2] at 2; and Exhibit 3 to the Complaint, ECF No. [1-4].

Although each Defendant may not copy and infringe each of Plaintiffs' trademarks for each category of services protected, Plaintiffs have submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the ABS-CBN Marks and the Copyrighted Works at issue. *See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 12-15, Exhibit 3 to the Complaint, ECF No. [1-4]. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the of the ABS-CBN Marks and/or perform or distribute the Copyrighted Works. *See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 12-15.

As part of its ongoing investigation regarding the infringement of its intellectual property, on behalf of Plaintiffs, Stephen M. Gaffigan, P.A. performed an investigation into the advertising accounts used by Defendants. *See* Declaration of Christine Ann Daley, ECF No. [5-2] at 5. By inspecting the Hyper Text Markup Language ("html") Source Code for the Internet websites operating under the Subject Domain Names,[3] Stephen M. Gaffigan, P.A. was able to specifically

---

[3] The Subject Domain Names gmanetwork.su (Defendant Number 5), pinoylambinganako.su (Defendant Number 5), and pariwiki.ch (Defendant Number 14) use the supporting domain name playbox.xyz to frame advertisements on the respective Subject Domain Names. The Subject Domain Names iwanttv.su (Defendant Number 8), pinoylambingantvhd.su (Defendant Number 8), and lambingansutv.com (Defendant Number 11) use the supporting domain name biggboss123.me to frame advertisements on the respective Subject Domain Names. This is believed to be done to avoid violating the terms and services

locate and identify many of the advertising revenue accounts of the Defendants, which are identified on Schedule "B," along with Defendants' associated e-mail addresses as identified in the publicly available domain name registration data for Defendants or directly on Defendants' websites operating under the Subject Domain Names. *See* Declaration of Christine Ann Daley, ECF No. [5-2] at 3, 5 n.2. Plaintiffs' representative conducted a review of and visually inspected the Internet websites operating under the Subject Domain Names or the web page captures of the Subject Domain Names and determined the distribution services offered by Defendants were not genuine or authorized distribution services of Plaintiffs' Copyrighted Works. *See* Declaration of Elisha J. Lawrence, ECF No. [5-1] at 13-15.

## II.   LEGAL STANDARD

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

agreement of their advertising companies for infringing Plaintiffs' and others' trademarks and copyrights. *See* Declaration of Christine Ann Daley, ECF No. [5-2] at 5 n. 1 and Composite Exhibit 2 thereto.

F. R. Civ. P. 65(b). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., etc.*, 415 U.S. 423, 439 (1974).

## III.   <u>ANALYSIS</u>

The declarations Plaintiffs submitted in support of its Application for Temporary Restraining Order support the following conclusions of law:

A.      Plaintiffs have a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, distribution and public performance of the Copyrighted Works using counterfeits, reproductions, and/or colorable imitations of the ABS-CBN Marks, and that the services Defendants are offering and promoting are unauthorized distribution services using the ABS-CBN Marks;

B.      Because of the infringement of the ABS-CBN Marks and Copyrighted Works, Plaintiffs are likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiffs' Complaint, Application for Temporary Restraining Order, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers before Defendants can be heard in opposition unless Plaintiffs' request for *ex parte* relief is granted:

1.      Defendants own or control Internet websites, domain names, or businesses which advertise, promote, and/or offer distribution services using counterfeit and infringing trademarks and infringe the Copyrighted Works in violation of Plaintiffs' rights;

2.      There is good cause to believe that Defendants will continue to violate Plaintiffs' intellectual property rights and offer more distribution services of copyrighted content under counterfeit and infringing versions of Plaintiffs' trademarks; that consumers are likely to be misled, confused, or disappointed by the quality of these services; and that Plaintiffs may suffer loss of sales for their genuine services and an unnatural erosion of the legitimate marketplace in which they operate; and

3.      There is good cause to believe that if Plaintiffs proceed on notice to Defendants of this Application for Temporary Restraining Order, Defendants can easily and quickly transfer the registrations for many of the Subject Domain Names, or modify registration data and content, change hosts, and redirect consumer traffic to other websites, corresponding website URLs, thereby thwarting Plaintiffs' ability to obtain meaningful relief.

C.      The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded services if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their reputations, and goodwill as a manufacturer and distributor of quality entertainment content if such relief is not issued; and

D.      The public interest favors issuance of the temporary restraining order in order to protect Plaintiffs' trademark and copyright interests and protect the public from being defrauded by the palming off of counterfeit services as Plaintiffs' genuine services.

E.      Under 15 U.S.C. § 1117(a), Plaintiffs may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution of and profits from services using counterfeits and infringements of the ABS-CBN Marks and Copyrighted Works. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc*., 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of

Case No. 19-cv-62693-BLOOM/Valle

profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F.      Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citing *Fed. Trade Comm'n v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.      In light of the inherently deceptive nature of the piracy business, and the likelihood that Defendants have violated federal trademark and copyright laws, Plaintiffs have good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.      <u>CONCLUSION</u>

Accordingly, after due consideration, it is **ORDERED AND ADJUDGED** that Plaintiff's Application for Temporary Restraining Order, **ECF No. [5]**, is **GRANTED** as follows:

(1)      Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are temporarily restrained:

>    a. From advertising, promoting, copying, broadcasting, publicly performing, and/or distributing any of the Plaintiffs' content or copyrighted works, including but not limited to those works specifically identified in paragraph 26 of the Complaint, Exhibit 2 to the Complaint, ECF No. [1-3], and/or Exhibit 3 to the Complaint, ECF No. [1-4];

>    b. From advertising, advertising, promoting, offering, distributing, using, and/or causing to be advertised, promoted, offered and/or distributed, any services using the ABS-CBN Marks, or any confusingly similar trademarks, other than those actually offered or distributed by Plaintiffs; and

    c. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any evidence relating to the promotion, advertisement, procurement, and/or distribution of services or copyrighted content bearing or under the ABS-CBN Marks, or any confusingly similar trademarks or public performances or distributions of Plaintiffs' Copyrighted Works; (ii) any assets or other financial accounts subject to this Order, including assets held by any advertising services, including but not limited to those identified on Schedule "B" hereto, in the actual or constructive possession of, or owned, controlled or held by, or subject to access by, any of the Defendants, including but not limited to any assets held by or on behalf of any of the Defendants.

(2)    Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the ABS-CBN Marks or any confusingly similar trademarks, on or in connection with all Internet websites, domain names, or businesses owned and operated, or controlled by them, including the Internet websites operating under the Subject Domain Names;

(3)    Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the ABS-CBN Marks and/or the names of the Copyrighted Works, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to websites registered, owned, or operated by each Defendant, including the Internet websites operating under the Subject Domain Names;

(4)    Each Defendant shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court;

Case No. 19-cv-62693-BLOOM/Valle

(5)     Each Defendant shall preserve copies of all computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names that may have been deleted before the entry of this Order;

(6)     Upon Plaintiffs' request, the privacy protection service for any of the Subject Domain Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiffs the true identities and contact information of those registrants;

(7)     The domain name registrars for the Subject Domain Names shall immediately assist in changing the registrar of record for the Subject Domain Names to a holding account with a registrar of Plaintiffs' choosing (the "New Registrar"), excepting any such domain names which such registrars have been notified in writing by Plaintiffs have been or will be dismissed from this action, or as to which Plaintiffs have withdrawn their request to immediately transfer such domain names. To the extent the registrars do not assist in changing the registrars of record for the domains under their respective control within one business day of receipt of this Order, the top-level domain (TLD) registries, for the Subject Domain Names, or their administrators, including backend registry operators or administrators, within five business days of receipt of this Order, shall change, or assist in changing, the registrar of record for the Subject Domain Names to a holding account with the New Registrar, excepting any such domain names which such registries have been notified in writing by Plaintiffs have been or will be dismissed from this action, or as to which Plaintiffs have withdrawn their request to immediately transfer such domain names. Upon the change of the registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the Court during

the pendency of this action. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/BSNL4U/index.html whereon copies of the Complaint, this Order, and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the Complaint, this Order, and all other documents on file in this action are displayed. After the New Registrar has effected this change, the Subject Domain Names shall be placed on lock status by the New Registrar, preventing the modification or deletion of the domains by the New Registrar or Defendants;

(8)    Upon receipt of notice of this Order, Defendants and the advertising services, networks and/or platforms identified on Schedule "B" hereto (the "Advertising Services"), and all financial institutions, payment processors, banks, escrow services, and/or money transmitters, and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in the advertising accounts related to Defendants, and their associated payment accounts and e-mail addresses, as identified on Schedule "B" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution/advertising account(s), and/or any of the other accounts subject to this Order; and (iii) any other financial institution/advertising accounts tied to or used by any of the Subject Domain Names identified

Case No. 19-cv-62693-BLOOM/Valle

on Schedule "B" hereto; and (iv) immediately divert those restrained funds into a holding account for the trust of the Court;

(9)     Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, the Advertising Services identified on Schedule "B" hereto, and their related companies and affiliates, shall further, within five business days of receiving this Order, provide Plaintiffs' counsel with all data that details (i)  an accounting of the total funds restrained and identifies the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to  all  funds  transmitted  into  the  financial  account(s)  and  sub-account(s)  which  have  been restrained. Such restraining of the funds and the disclosure of the related financial institution account  information  shall  be  made  without  notice  to  the  account  owners  or  the  financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or advertising service, including but not limited to the Advertising Services identified on Schedule "B" hereto, and their related companies and  affiliates  for  any  purpose (other  than  pursuant  to  a  chargeback  made  pursuant  to  their security interest in the funds) without the express authorization of this Court;

(10)    This Order shall remain in effect until the ruling on Plaintiffs' Motion for Preliminary Injunction, or until such further dates as set by the Court or stipulated to by the parties;

(11)    This Order shall apply to the Subject Domain Names, associated websites, and any other domain names, websites, corresponding websites' URLs, financial accounts, or

advertising services accounts properly brought to the Court's attention and verified by sworn affidavit that such new domain names are being used by Defendants for the purpose of counterfeiting the ABS-CBN Marks, infringing the Copyrighted Works, or unfairly competing with Plaintiffs on the World Wide Web;

(12)    Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(13)    As a matter of law, this Order shall no longer apply to any Defendant or associated domain name dismissed from this action, or as to which Plaintiffs have withdrawn their request for a temporary restraining order;

(14)    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(15)    **A telephonic hearing is set before this Court on _____ ____, 2019, at _____. The parties may appear by telephone and are instructed to call 1-877-336-1829** on the date and time set forth above, at which time Defendants or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction. **The access code is 4742152 and the security code is 5680. For clarity, please do not use a cell phone or a speaker phone**;

(16)    After Plaintiffs' counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiffs shall serve copies of the Complaint, Application for Temporary Restraining Order, and this Order, on each Defendant by e-mail to the e-mail address provided as part of the domain registration data for each of the Subject Domain Names, via the corresponding e-mail/online contact form provided on the Internet websites operating under the Subject Domain Names, or via the social media platform for each of the Subject Domain Names; or by providing a copy of this Order by e-mail to the registrar of record for each of the Subject Domain Names so that the registrar of record, in turn, notifies Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.  In addition, Plaintiffs shall post copies of the Complaint, Application for Temporary Restraining Order, and this Order, as well as all other documents filed in this action on the website located at http://servingnotice.com/BSNL4U/index.html,[4] and shall provide the website address to Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.  Plaintiffs shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at http://servingnotice.com/BSNL4U/index.html, or by other means reasonably calculated to give notice which is permitted by the Court.

(17)    Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Advertising Services as identified on Schedule "B" hereto, shall, at

---

[4] In this Circuit, Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978); *Diamond Crystal Brands, Inc. v. Wallace*, 531 F. Supp. 2d 1366, 1370-71 (N.D. Ga. 2008).

Case No. 19-cv-62693-BLOOM/Valle

Plaintiffs' request, provide Plaintiffs' counsel with any e-mail address known to be associated with Defendants' respective advertising accounts and/or Subject Domain Names;

(18)    **Any response or opposition** to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel forty-eight (48) hours prior to the hearing set for _____ ____, **2019, at** _____, and filed with the Court, along with Proof of Service. Plaintiffs shall file any **Reply Memorandum** twenty-four (24) hours prior to the hearing set for _____ ____, **2019, at** _____. The above dates may be revised upon stipulation by all parties and approval of this Court. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d), The All Writs Act, 28 U.S.C. § 1651(a), Federal Rule of Civil Procedure 65, and this Court's inherent authority.**

**DONE AND ORDERED** in Miami, Florida, this ___ day of _____, 2019.


_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE


Copies to:
Counsel of Record *via* E-mail

15

Case No. 19-cv-62693-BLOOM/Valle

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME**

| Def. No. | Domain Name |
|---|---|
| 1 | abscbnpinoy.com |
| 2 | Europixhd.com |
| 3 | fullasiantv.com |
| 4 | fulltagalogmovies.me |
| 5 | gmanetwork.su |
| 5 | pinoylambinganako.su |
| 5 | playbox.su |
| 6 | hdfullpinoymovies.com |
| 7 | hdreplay.su |
| 7 | pinoylambinganteleserye.su |
| 8 | iwanttv.su |
| 8 | pinoylambingantvhd.su |
| 9 | kidstva.co |
| 10 | lambinganpinoytambayantv.su |
| 10 | pinoytambayanlambingantv.su |
| 10 | pinoytvtambayanlambingan.su |
| 10 | tambayanatlambingan.su |
| 11 | lambingansutv.com |
| 11 | movierulz.stream |
| 12 | ofwpinoytvshows.su |
| 12 | pinoybaytv.su |
| 12 | pinoylambinganflix.su |
| 12 | pinoylambinganreplays.su |
| 12 | pinoylambinganteleserye.net |
| 12 | pinoytvhd.su |
| 12 | tambayanreplay.su |
| 13 | ofwshow.ru |
| 14 | pariwiki.ch |
| 15 | pinoyflixreplay.su |
| 16 | pinoyhdonline.su |
| 17 | pinoyhdreplay.ch |
| 18 | pinoymoviepedia.ru |
| 19 | pinoymovieshub.tv |
| 20 | pinoyreplaytv.su |
| 21 | pinoyteleseryes.su |

Case No. 19-cv-62693-BLOOM/Valle

| Def. No. | Domain Name |
|---:|---|
| 22 | pinoytoday.su |
| 23 | pinoytv.re |
| 24 | pinoytvchannelreplay.su |
| 25 | pinoytvrecap.su |
| 26 | pinoytvtime.su |
| 27 | politicsslashletters.live |
| 28 | siliptv.su |
| 29 | sinepinoy.info |
| 30 | thepariwiki.com |
| 31 | verystreamtv.com |

Case No. 19-cv-62693-BLOOM/Valle

**SCHEDULE "B"**
**DEFENDANTS BY NUMBER, SUBJECT DOMAIN NAME, ADVERTISING ACCOUNT**
**INFORMATION, AND ASSOCIATED E-MAIL ADDRESSES/PAYPAL ACCOUNTS**

| Def. No. | Domain Name | Advertising Service/Platform | Account Identifier | Registrant E-mail Address |
|---|---|---|---|---|
| 1 | abscbnpinoy.com | N/A | N/A | fiazrasool05@gmail.com |
| 2 | Europixhd.com | N/A | N/A | 6e29f11be8db4e629157e9c87e9bc967.protect@whoisguard.com |
| 3 | fullasiantv.com | Google Adsense, Google LLC | ca-pub-3821092466638318 | f44499b1ff774de48e53a9d095329d94.protect@whoisguard.com |
| 4 | fulltagalogmovies.me | popads.net Tomksoft S.A. | 3538361 | Not listed |
| 5 | gmanetwork.su (framed on playbox.xyz) | Google DoubleClick, Google LLC | http://playbox.xyz/ | waqarkhanmalghani@gmail.com |
| 5 | pinoylambinganako.su (framed on playbox.xyz) | Google DoubleClick, Google LLC | http://playbox.xyz/ | waqarkhanmalghani@gmail.com |
| 5 | playbox.su | N/A | N/A | waqarkhanmalghani@gmail.com |
| 6 | hdfullpinoymovies.com | N/A | N/A | 6842447@whoisprotection.biz |
| 7 | hdreplay.su | N/A | N/A | cashorika@gmail.com |
| 7 | pinoylambinganteleserye.su | N/A | N/A | cashorika@gmail.com |
| 8 | iwanttv.su (framed on biggboss123.me) | Google DoubleClick, Google LLC | https://biggboss123.me/ | pinoymovies.su@gmail.com |
| 8 | pinoylambingantvhd.su (framed on biggboss123.me) | Google DoubleClick, Google LLC | https://biggboss123.me/ | pinoymovies.su@gmail.com |
| 9 | kidstva.co | Google Adsense, Google LLC | ca-pub-5302215400293420 | admin@aliwan.info |
| 10 | lambinganpinoytambayantv.su | Google Adsense, Google LLC | ca-pub-1593569282303938 | paktvsite@gmail.com |

Case No. 19-cv-62693-BLOOM/Valle

| Def. No. | Domain Name | Advertising Service/Platform | Account Identifier | Registrant E-mail Address |
|---|---|---|---|---|
| 10 | pinoytambayanlambingantv.su | Google Adsense, Google LLC | ca-pub-2154317906897324 | paktvsite@gmail.com |
| 10 | pinoytvtambayanlambingan.su | Google Adsense, Google LLC | ca-pub-2154317906897324 | paktvsite@gmail.com |
| 10 | tambayanatlambingan.su | N/A | N/A | paktvsite@gmail.com |
| 11 | lambingansutv.com (framed on biggboss123.me) | Google DoubleClick, Google LLC | https://biggboss123.me/ | Not listed |
| 11 | movierulz.stream | popads.net Tomksoft S.A. | 3603072 | abuse@movierulz.stream |
| 12 | ofwpinoytvshows.su | Google Adsense, Google LLC | ca-pub-3388398459928305 | javirock906@gmail.com |
| 12 | pinoybaytv.su | Google Adsense, Google LLC | ca-pub-6052202555377760 | javirock906@gmail.com |
| 12 | pinoylambinganflix.su | Google Adsense, Google LLC | ca-pub-1256604383590629 | javirock906@gmail.com pinoylambinganflix@gmail.com |
| 12 | pinoylambinganteleserye.net | Google Adsense, Google LLC | ca-pub-1715847515243954 | javirock906@gmail.com |
| 12 | pinoytvhd.su | Google Adsense, Google LLC | ca-pub-7772575731834210 | javirock906@gmail.com |
| 12 | pinoylambinganreplays.su | N/A | N/A | javirock906@gmail.com |
| 12 | tambayanreplay.su | N/A | N/A | javirock906@gmail.com |
| 13 | ofwshow.ru | Google Adsense, Google LLC | ca-pub-2636869081690729 | admin@aliwan.info |
| 14 | pariwiki.ch (framed on playbox.xyz) | Google DoubleClick, Google LLC | http://playbox.xyz/ | Not Listed |

Case No. 19-cv-62693-BLOOM/Valle

| Def. No. | Domain Name | Advertising Service/Platform | Account Identifier | Registrant E-mail Address |
|---|---|---|---|---|
| 15 | pinoyflixreplay.su | Google Adsense, Google LLC | ca-pub-8204335281985188 | herpalasif@gmail.com |
| 16 | pinoyhdonline.su | Google Adsense, Google LLC | ca-pub-2213578161009237 | tahseenm57@gmail.com |
| 17 | pinoyhdreplay.ch | N/A | N/A | Not Listed |
| 18 | pinoymoviepedia.ru | N/A | N/A | Not Listed |
| 19 | pinoymovieshub.tv | N/A | N/A | 387a81858d@pinoymovieshub.tv.whoistrustee.com |
| 20 | pinoyreplaytv.su | N/A | N/A | pinoyreplaytv.su@whoisprotectservice.net |
| 21 | pinoyteleseryes.su | N/A | N/A | pinoyteleseryes.su@whoisprotectservice.net |
| 22 | pinoytoday.su | Google Adsense, Google LLC | ca-pub-5707561695084980 | malikhassan.qc@gmail.com |
| 23 | pinoytv.re | Google Adsense, Google LLC | ca-pub-2393545343030923 | Not Listed |
| 24 | pinoytvchannelreplay.su | Google Adsense, Google LLC | ca-pub-8204335281985188 | herpalasif41@gmail.com |
| 25 | pinoytvrecap.su | N/A | N/A | pinoytvrecap.su@whoisprotectservice.net |
| 26 | pinoytvtime.su | N/A | N/A | cuteqaisrani@gmail.com |
| 27 | politicsslashletters.live | mgid.com, MGID Inc. MGID UA | politicsslashletters.live | Not Listed |
| 28 | siliptv.su | Google Adsense, Google LLC | ca-pub-1617990917998321 | siliptv.su@whoisprotectservice.net |
| 29 | sinepinoy.info | popads.net Tomksoft S.A. | 3453841 | 3866317a204942648a1f2be9e298458f.protect@whoisguard.com |
| 30 | thepariwiki.com | N/A | N/A | aayanhaider8@gmail.com |

Case No. 19-cv-62693-BLOOM/Valle

| Def. No. | Domain Name | Advertising Service/Platform | Account Identifier | Registrant E-mail Address |
|---|---|---|---|---|
| 31 | verystreamtv.com | mgid.com, MGID Inc. MGID UA | verystreamtv.com | 88cde2e1e5a94b199252f90a5f631523.protect@whoisguard.com |