**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 19-62693-CIV-BLOOM

ABS-CBN CORPORATION, *et al.,*

        Plaintiffs,

vs.

ABSCBNPINOY.COM, *et al.*,

        Defendants.

_____/

**PLAINTIFFS'** ***EX PARTE*** **MOTION FOR ORDER AUTHORIZING ALTERNATE
SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs, ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International ("ABS-CBN" or "Plaintiffs"), hereby moves this Honorable Court, on an *ex parte* basis,[1] for an order authorizing alternate service of process on Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto ("Defendants") pursuant to Federal Rule of Civil Procedure 4(f)(3). In support thereof, Plaintiffs submit the following memorandum of law.

---

[1] Plaintiffs are moving for alternate service *ex parte* as Plaintiffs have yet to provide Defendants with notice of this action. On October 29, 2019, Plaintiffs filed an *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Application for Temporary Restraining Order") [ECF No. 5], currently pending before the Court. The instant Motion makes reference to Plaintiffs' Application for Temporary Restraining Order, and as such, Plaintiffs seek to prevent premature disclosure of the Application for Temporary Restraining Order. Therefore, upon providing Defendants with notice of the Application for Temporary Restraining Order and the Court's relevant Order thereon, Plaintiffs will also provide Defendants with a copy of the instant Motion. (See Declaration of Christine Ann Daley in Support of Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ["Daley Decl."] ¶ 2, n.1, filed herewith.)

## I. **INTRODUCTION**

Plaintiffs are suing Defendants for trademark infringement, false designation of origin, cybersquatting, common law unfair competition, common law trademark infringement, and direct and contributory infringement of copyright. Defendants are knowingly and intentionally advertising, distributing, and performing Plaintiffs' copyrighted content and using Plaintiffs' trademarks without authorization to distribute, perform, and promote such content in this judicial district and throughout the United States through the Internet websites operating under their individual, partnership, and/or business association names identified on Schedule "A" hereto (collectively, the "Subject Domain Names").

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiffs request an order authorizing service of process on Defendants via electronic mail ("e-mail") and via website posting. Alternate service by e-mail and posting on a designated website is appropriate and necessary in this case, because Defendants (1) operate via the Internet; and (2) rely on electronic communications to operate their businesses. As such, Plaintiffs have the ability to contact Defendants directly and provide notice of Plaintiffs' claims against them electronically via e-mail to Defendants' known e-mail addresses, including onsite contact forms embedded directly in Defendants' respective websites and via private message on Defendants' social media platforms, such as Facebook.com. Additionally, Plaintiffs has created a website where it will be posting copies of the Complaint, the Application for Temporary Restraining Order, this Motion, and all other documents filed in this action. Plaintiffs respectfully submit that an order allowing service of process and service of all filings via e-mail and by posting on a designated website in this case will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously. Absent

the ability to serve Defendants by e-mail and/or by website posting, Plaintiffs will almost certainly be left without the ability to pursue a remedy.

## II.     STATEMENT OF FACTS

### A.     Defendants Have Valid Means of Electronic Contact.

Defendants operate Internet-based businesses and use e-mail, including via onsite contact forms and social media platforms, as a means of communication such that Plaintiffs will be able to provide Defendants with notice of this action via e-mail and website posting. Specifically, Defendants are able to receive notice of this action electronically via e-mail to Defendants' e-mail addresses provided as part of the domain registration records for the Subject Domain Names, via e-mail to the e-mail addresses provided in connection with Defendants' respective Internet websites, including customer service e-mail addresses and onsite contact forms, by private message via Defendants' social media platforms, or via e-mail to Defendants' registrars. (See Daley Decl. ¶ 5.) As a practical matter, it is necessary for defendants who profit through advertising partnerships, such as Defendants, to provide their advertising partners with accurate e-mail addresses by which said advertising partners may contact the defendants to ask questions about the advertisements and advertising methods on the defendants' websites, as well as communicate regarding general account information. Moreover, Internet based businesses generally must maintain accurate e-mail addresses where the domain registrar may communicate with them regarding issues related to the purchase, transfer, and maintenance of their domain name accounts. Additionally, Plaintiffs have created a website that will be appearing at the URL http://servingnotice.com/BSNL4U/index.html ("Plaintiffs' Website"), such that anyone accessing Plaintiffs' Website will find copies of all documents filed in this action. (See Daley Decl. ¶ 6.)

Plaintiffs' counsel obtained the publicly available domain name registration records ("WHOIS" records) for each of the Subject Domain Names identifying the contact e-mail addresses Defendants provided their registrars. (See Daley Decl. ¶ 4.) Additionally, Plaintiffs' counsel obtained the available e-mail addresses Defendants identified directly on their respective Internet websites and Defendants' social media platforms, also identified directly on Defendants' respective Internet websites. (Daley Decl. ¶ 4.)  Each Defendant will be provided with notice of this action electronically via e-mail by providing the address to Plaintiffs' designated serving notice website to the e-mail addresses provided by Defendants as part of the domain registration data for each of the Subject Domain Names or directly on their respective Internet websites operating thereunder, including customer service e-mail addresses, social media platforms, and onsite contact forms, or via their designated Registrar's domain owner contact form or e-mail address.[2] (Id. at ¶ 5). In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures. (Id.)

Furthermore, Plaintiffs will be able to provide each Defendant notice of this action via public announcement on Plaintiffs' designated website. (See Daley Decl. ¶ 6.) Plaintiffs have created a Website that will be appearing at the URL http://servingnotice.com/BSNL4U/index.html, whereon copies of the Complaint, the Application for Temporary Restraining Order, and all other pleadings, documents and orders on file in this action will be posted, such that anyone accessing Plaintiffs' Website will find copies of all documents filed in this action. (Id.) The address for Plaintiffs' Website will be provided to

---

[2] The e-mail addresses and other means of electronic contact for Defendants are provided on Schedule "A" hereto. (See Daley Decl. ¶ 4.)

Defendants via e-mail to Defendants' known e-mail accounts and will be included as part of service of process in this matter. (Id.)

### B. Defendants Rely on Electronic Communications.

Defendants have structured their website businesses so that the means for its users and other relevant parties, such as advertising partners and registrars, to contact them is via their provided e-mail addresses, social media platforms, or contact forms located directly on their websites operating under the Subject Domain Names. (See Daley Decl. ¶ 3; see also Declaration of Christine Ann Daley in Support of Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction[3] ["Daley Decl. in Support of Application for Temporary Restraining Order"] ¶¶ 3, 5 n.2 [ECF No. 5-2]; see also relevant web captures from Defendants' Internet websites operating under the Subject Domain Names attached as Composite Exhibit "3" to the Complaint [ECF No. 1-4], incorporated herein by reference.) Clearly, Defendants rely on electronic means as a reliable form of contact.

## III. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3), allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant. In the present matter, alternate service of process by e-mail and by posting on Plaintiffs' Website are appropriate given that Defendants have established Internet-based businesses by which they rely on electronic communication for their operation. Accordingly, this

---

[3] Plaintiffs' Application for Temporary Restraining Order [ECF No. 5], together with supporting declarations and exhibits, are incorporated herein by reference.

Court should permit service on Defendants by e-mail and website posting.

### A. The Court May Authorize Service via Electronic Mail and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3).

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla. 2011). A foreign partnership or other unincorporated association can therefore be served in the same manner as serving a foreign individual pursuant to Rule 4(f)(3). Id. Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries, 353 F.3d 916, 923 (11th Cir. 2003). See also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Chanel, Inc. v. Zhixian, 2010 WL 1740695, at *2 (quoting Rio Props., 284 F.3d at 1014 and citing Mayoral–Amy v. BHI Corp., 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998)).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. Prewitt Enters., Inc., 353 F.3d at 921; Rio Props., Inc., 284 F.3d at 1116. See, e.g., Brookshire Bros., Ltd., 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); In re Int'l Telemedia Assocs., 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to

tailor the methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). Rio Props., Inc., 284 F.3d at 1114-15; see also Brookshire Bros., Ltd., 2007 WL 1577771, at *1. In Brookshire, the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Rio Props., Inc., 284 F.3d at 1015). Accord TracFone Wireless, Inc. v. Bitton, 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy.") Judge Cooke further held, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." Brookshire Bros., Ltd., 2007 WL 1577771, at *2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also TracFone Wireless, Inc., 278 F.R.D. at 692; Rio Props., Inc., 284 F.3d at 1016. Accordingly, federal courts have allowed a variety of alternative

7

service methods, including service by e-mail and service by posting on a designated website, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. See, e.g., Rio Props. Inc., 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); In re Int'l Telemedia Assocs., 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [Plaintiffs' Website].").

Here, service on Defendants by e-mail and/or posting on Plaintiffs' Website will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiffs' claims. Plaintiffs have verified that each Defendant has at least one form of electronic means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action. (See Daley Decl. ¶¶ 4-5.) Moreover, service by posting on Plaintiffs' Website will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser. (Daley Decl. ¶ 6.) The suggested methods are the most reliable means of providing Defendants with notice of this action.

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when the plaintiff has proven that e-mail is the most effective

means of providing the defendant notice of the action. See Rio Props., Inc., 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."). See also Popular Enters., LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts.") (citation omitted). The Rio Props., Inc. and Popular Enters., LLC courts each determined e-mail service to be appropriate in part because, as in this case, the defendants conduct their business online, use e-mail, including onsite contact forms, in their business, and encourage parties to contact them via e-mail and onsite contact forms. See id.

In cases that are factually similar to this one, this Court and others have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." Rio Props., Inc., 284 F.3d at 1018; see also Chanel, Inc. v. Zhixian, 2010 WL 1740695, at *3 (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); TracFone Wireless, Inc., 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise the defendants of the action and give it an opportunity to respond); Popular Enters., LLC, 225 F.R.D. at 563 (same); In re Int'l Telemedia Associates, 245 B.R. at 722 ("A defendant

9

should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party." (concluding e-mail and facsimile service to be appropriate)); Chanel, Inc. v. Zhibing, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages." Alternate service via e-mail granted).[4] Courts in this district and others have further authorized service via social media profiles such as Facebook.com and Twitter.com. ABS-CBN Corporation v. cinesilip.su, Case No. 18-cv-62942-WPD (S.D. Fla. Dec. 6, 2018, entered on docket Dec. 7, 2018); (permitting service, *inter alia*, via e-mail to Defendants' social media account on Facebook.com through the Facebook.com Messenger Application); ABS-CBN Corp. v. Pinoytvtfc.com, Case No. 18-cv-62083-WPD (S.D. Fla. Sept. 6, 2018, entered on docket Sept. 7, 2018) (same) ABS-CBN Corp. v. Aceshowbiz.me, Case No. 18-cv-61553-DPG (S.D. Fla. Jul. 17, 2018) (same); ABS-CBN Corporation v. Phnoy.com, Case No. 14-cv-61810-JIC (S.D. Fla. Aug. 27, 2016) (same); FTC v. PCCare247 Inc., Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at * 10 (S.D.N.Y. March 7, 2013) (authorizing service of process via e-mail and Facebook); St. Francis Assisi v. Kuwait Fin. House, Case No. 16-cv-3240-LB, 2016 U.S. Dist. LEXIS 136152 (N.D. Ca. Sept. 30, 2016) (authorizing service of

---

[4] See Chanel, Inc. v. 7areplica.ru, Case No. 19-cv-61532-BB (S.D. Fla. June 24, 2019, entered on docket June 25, 2019) (Order granting alternative service, *inter alia*, via e-mail); Chanel, Inc. v. Fendona, Case No. 19-cv-60734-BB (S.D. Fla. March 25, 2019, entered on docket March 26, 2019) (same); Mycoskie, LLC v. 2018prettycat, Case No. 19-cv-60518-BB (S.D. Fla. Mar. 1, 2019) (same); Parsons Xtreme Golf v. The Individuals, Partnerships and Unincorporated Associations, No. 19-60310-CIV-BLOOM, 2019 U.S. Dist. LEXIS 79075 (S.D. Fla. Feb. 7, 2019) (same); ABS-CBN Corporation v. Movieonline.io, Case No. 17-cv-61803-BB (Sept. 19, 2017, entered on docket Sept. 20, 2019) (same). See also ABS-CBN Corporation v. cinesilip.su, Case No. 18-cv-62942-WPD (S.D. Fla. Dec. 6, 2018, entered on docket Dec. 7, 2018) (same); ABS-CBN Corp. v. Pinoytvtfc.com, Case No. 18-cv-62083-WPD (S.D. Fla. Sept. 6, 2018, entered on docket Sept. 7, 2018) (same).

process via Twitter as it was reasonably calculated to give notice nor prohibited by international agreement).

Plaintiffs submit that allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given Defendants' decision to conduct their illegal businesses using the Internet and utilizing e-mail as a primary means of communication.

Additionally, service of a defendant by posting on a designated website, such as a plaintiff's website, has been deemed an appropriate means of service by website posting. See National Association for Stock Car Auto Racing, 584 F. Supp. 2d at 826.[5] A proposed method of website posting need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." National Association for Stock Car Auto Racing, 584 F. Supp. 2d at 826 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). In National Association for Stock Car Auto Racing, Inc. v. Does, the United States District Court for the Western District of North Carolina determined that the plaintiff could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing via posting on the plaintiffs' website. Id.

---

[5] See Chanel, Inc. v. 7areplica.ru, Case No. 19-cv-61532-BB (S.D. Fla. June 24, 2019, entered on docket June 25, 2019) (Order granting alternative service, *inter alia*, via e-mail); Chanel, Inc. v. Fendona, Case No. 19-cv-60734-BB (S.D. Fla. March 25, 2019, entered on docket March 26, 2019) (same); Mycoskie, LLC v. 2018prettycat, Case No. 19-cv-60518-BB (S.D. Fla. Mar. 1, 2019) (same); Parsons Xtreme Golf v. The Individuals, Partnerships and Unincorporated Associations, No. 19-60310-CIV-BLOOM, 2019 U.S. Dist. LEXIS 79075 (S.D. Fla. Feb. 7, 2019) (same); ABS-CBN Corporation v. Movieonline.io, Case No. 17-cv-61803-BB (Sept. 19, 2017, entered on docket Sept. 20, 2019) (same); see also ABS-CBN Corporation v. cinesilip.su, Case No. 18-cv-62942-WPD (S.D. Fla. Dec. 6, 2018, entered on docket Dec. 7, 2018) (same); ABS-CBN Corp. v. Pinoytvtfc.com, Case No. 18-cv-62083-WPD (S.D. Fla. Sept. 6, 2018, entered on docket Sept. 7, 2018) (same).

Accordingly, Plaintiffs have created a website that will be appearing at the URL http://servingnotice.com/BSNL4U/index.html, whereon copies of the Complaint, this Motion, the Application for Temporary Restraining Order, and all other pleadings and documents on file in this action will be posted. (See Daley Decl. ¶ 6.) The address for Plaintiffs' Website will be provided to each Defendant via its known e-mail accounts and will be included as part of service of process in this matter. (Id.) Plaintiffs respectfully submit that alternative service by posting of the Summonses, and Complaint on Plaintiffs' Website will provide notice to Defendants sufficient to meet the due process requirements for service of process and notice pursuant to Federal Rule of Civil Procedure 4, apprise Defendants of the pendency of this action, and afford Defendants and any other interested parties an opportunity to present their answers and objections.

**B.    Service of Process Via Electronic Means Are Not Prohibited by International Agreement.**

Service via e-mail and via posting on a designated website are not prohibited by international agreement. Based upon the information provided in connection with Defendants' domain name registrations and Internet websites, including all of the investigative data provided thereunder, Plaintiffs have good cause to suspect Defendants are all residing in and/or operating from the Islamic Republic of Pakistan ("Pakistan"), the Republic of the Philippines (the "Philippines"), the Republic of Turkey ("Turkey"), the Socialist Republic of Vietnam ("Vietnam"), or other foreign countries. (Daley Decl. ¶ 7.) United States, Pakistan, Turkey, and Vietnam are signatories[6] to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). (Daley Decl. ¶ 8 and Composite Exhibit "1" thereto, Hague Service Convention and list of signatory

---

[6] The Philippines is not a signatory to the Hague Convention. (Daley Decl. ¶ 8 n. 3.)

Members.) However, the Hague Service Convention does not preclude the Court from authorizing service of process via e-mail or posting on a designated website. Additionally, there are no service treaties between the United States and the Philippines, thus, there are no international agreements prohibiting service by e-mail or posting on a designated website. (See Daley Decl. ¶ 8, n.3.)

Alternative means of service, such as e-mail and website posting, are not prohibited by the Hague Service Convention where a signatory nation has not expressly objected to those means. See Stat Med. Devices, Inc. v. HTL-Strefa, Inc., Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the forms of service expressly objected to); Parsons Xtreme Golf v. The Individuals, Partnerships and Unincorporated Associations, No. 19-60310-CIV-BLOOM, 2019 U.S. Dist. LEXIS 79075 (S.D. Fla. Feb. 7, 2019) (authorizing service by e-mail and website posting, noting an objection to the alternative means of service provided by the Hague Convention "is expressly limited to those means and does not represent an objection to other forms of service, such e-mail or website posting).[7] Article 10 to the Hague Service Convention allows service of process through means other than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means. See Hague Convention, Art. 10, 20 U.S.T. 361 (1969). Pakistan

---

[7] See also Chanel, Inc. v. 7areplica.ru, Case No. 19-cv-61532-BB (S.D. Fla. June 24, 2019, entered on docket June 25, 2019) (authorizing service of process on foreign defendants via e-mail and website posting despite China's objection to Article 10); Chanel, Inc. v. Fendona, Case No. 19-cv-60734-BB (S.D. Fla. March 25, 2019, entered on docket March 26, 2019) (same); Mycoskie, LLC v. 2018prettycat, Case No. 19-cv-60518-BB (S.D. Fla. Mar. 1, 2019) (same); Parsons Xtreme Golf v. The Individuals, Partnerships and Unincorporated Associations, No. 19-60310-CIV-BLOOM, 2019 U.S. Dist. LEXIS 79075 (S.D. Fla. Feb. 7, 2019) (same).

and Vietnam[8] have declared that they do not oppose the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention. (See Daley Decl. ¶ 8 and Composite Exhibit "1" thereto, a true and correct printout of Pakistan's and Vietnam's Declaration/Reservation/Notification in regards to the Hague Convention.) Turkey has objected to the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels. (Daley Decl. ¶ 8) However, these objections are specifically limited to the means of service enumerated in Article 10, and Turkey has not expressly objected to service via e-mail or website posting (Id. and Composite Exhibit "1" thereto, a true and correct printout of Turkey's Declaration/Reservation/Notification in regards to the Hague Convention). Because the declarations to the Hague Convention filed by Turkey do not object to service by e-mail and website posting, "a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." Gurung v. Malhotra, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); see also WhosHere, Inc. v. Orun, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

Moreover, an objection to the alternative means of service provided in Article 10 does not represent a *per se* objection to other forms of service, such e-mail or website posting. See In re S. African Apartheid Litig., 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of service). Consequently, Turkey's objections to the means of alternative service provided in Article 10 is no bar to court-directed service and does not prevent this Court from authorizing

---

[8] Although Vietnam does not object to service as outlined in Article 10, Vietnam provides additional requirements to effect service of process through the methods set forth in Article 10(a).

alternative service of process via e-mail or website posting. See, e.g., WhosHere, Inc., 2014 U.S. Dist. LEXIS 22084 (authorizing service of process on foreign defendants via e-mail despite Turkey's objection to Article 10); Gurung, 279 F.R.D. at 220 (approving service of process on foreign defendants via e-mail despite India's objection to Article 10, stating that an "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); Stat Med. Devices, Inc., 2015 U.S. Dist. LEXIS 122000, at *8-9 (permitting service of process on foreign defendants via e-mail and substituted service on domestic counsel despite Poland's objection to Article 10, noting "This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention . . . does not equate to an express objection to service via electronic mail."); FTC v. PCCare247 Inc., Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at *10 (S.D.N.Y. March 7, 2013) (authorizing service of process via email and Facebook, explaining that "Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); Richmond Techs., Inc. v. Aumtech Bus. Solutions, Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.").

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs, ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International respectfully request this Court grant the present motion and authorize service of the Summonses, the Complaint, and all filings and discovery in this matter upon each Defendant in this action:

(1) via e-mail by providing the address to Plaintiff's designated serving notice website to Defendants via the e-mail addresses provided by Defendants as part of the domain registration records for each of their respective domain names, including service via registrar, or on the Internet websites operating under each of their respective corresponding domain names, including customer service e-mail addresses and onsite contact forms; via e-mail through private message on Defendants' respective social media platforms, such as Facebook.com, as identified on Schedule "A" hereto; or

(2) via website posting by posting a copy of the Complaint, Summonses, and all other filings in this matter on Plaintiffs' Website appearing at the URL http://servingnotice.com/BSNL4U/index.html.

DATED: October 29, 2019.            Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **Christine Ann Daley**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
Christine Ann Daley (Fla. Bar No. 98482)
T. Raquel Wiborg-Rodriguez (Fla. Bar. No. 103372)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.net
E-mail: Leo@smgpa.net
E-mail: Christine@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiffs

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Def. No. | Domain Name | Registrant E-mail Address |
|---|---|---|
| 1 | abscbnpinoy.com | fiazrasool05@gmail.com<br>https://abscbnpinoy.com/contact-us/ |
| 2 | Europixhd.com | 6e29f11be8db4e629157e9c87e9bc967.protect@whoisguard.com<br>https://europixhd.net/genre/requestmovie |
| 3 | fullasiantv.com | f44499b1ff774de48e53a9d095329d94.protect@whoisguard.com |
| 4 | fulltagalogmovies.me | https://fulltagalogmovies.me/contact |
| 5 | gmanetwork.su | waqarkhanmalghani@gmail.com |
| 6 | hdfullpinoymovies.com | 6842447@whoisprotection.biz |
| 7 | hdreplay.su | cashorika@gmail.com |
| 8 | iwanttv.su | pinoymovies.su@gmail.com |
| 9 | kidstva.co | admin@aliwan.info |
| 10 | lambinganpinoytambayantv.su | paktvsite@gmail.com |
| 11 | lambingansutv.com | Contact via Registrar |
| 11 | movierulz.stream | https://movierulz.stream/contact-us/<br>abuse@movierulz.stream |
| 12 | ofwpinoytvshows.su | javirock906@gmail.com |
| 13 | ofwshow.ru | admin@aliwan.info |
| 14 | pariwiki.ch | Contact via Registrar |
| 12 | pinoybaytv.su | javirock906@gmail.com |
| 15 | pinoyflixreplay.su | herpalasif@gmail.com |
| 16 | pinoyhdonline.su | tahseenm57@gmail.com<br>https://pinoyhdonline.su/contact-us/ |
| 17 | pinoyhdreplay.ch | Contact via Registrar |
| 5 | pinoylambinganako.su | waqarkhanmalghani@gmail.com |
| 12 | pinoylambinganflix.su | javirock906@gmail.com<br>pinoylambinganflix@gmail.com |
| 12 | pinoylambinganreplays.su | javirock906@gmail.com |
| 12 | pinoylambinganteleserye.net | javirock906@gmail.com |
| 7 | pinoylambinganteleserye.su | cashorika@gmail.com<br>https://www.facebook.com/pinoytvhd/ |
| 8 | pinoylambingantvhd.su | pinoymovies.su@gmail.com |
| 18 | pinoymoviepedia.ru | https://www.facebook.com/Pinoymoviepedia/ |

17

| Def. No. | Domain Name | Registrant E-mail Address |
|---|---|---|
| 19 | pinoymovieshub.tv | 387a81858d@pinoymovieshub.tv.whoistrustee.com |
| 20 | pinoyreplaytv.su | pinoyreplaytv.su@whoisprotectservice.net |
| 10 | pinoytambayanlambingantv.su | paktvsite@gmail.com |
| 21 | pinoyteleseryes.su | pinoyteleseryes.su@whoisprotectservice.net |
| 22 | pinoytoday.su | malikhassan.qc@gmail.com |
| 23 | pinoytv.re | Contact via Registrar |
| 24 | pinoytvchannelreplay.su | herpalasif41@gmail.com |
| 12 | pinoytvhd.su | javirock906@gmail.com |
| 25 | pinoytvrecap.su | pinoytvrecap.su@whoisprotectservice.net |
| 10 | pinoytvtambayanlambingan.su | paktvsite@gmail.com |
| 26 | pinoytvtime.su | cuteqaisrani@gmail.com |
| 5 | playbox.su | waqarkhanmalghani@gmail.com |
| 27 | politicsslashletters.live | Contact via Registrar |
| 28 | siliptv.su | siliptv.su@whoisprotectservice.net |
| 29 | sinepinoy.info | 3866317a204942648a1f2be9e298458f.protect@whoisguard.com |
| 10 | tambayanatlambingan.su | paktvsite@gmail.com |
| 12 | tambayanreplay.su | javirock906@gmail.com |
| 30 | thepariwiki.com | aayanhaider8@gmail.com |
| 31 | verystreamtv.com | 88cde2e1e5a94b199252f90a5f631523.protect@whoisguard.com |