UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-62693-CIV-BLOOM

ABS-CBN CORPORATION, *et al.,*

        Plaintiffs,

vs.

ABSCBNPINOY.COM, *et al.*,

        Defendants.

                                /

**DECLARATION OF CHRISTINE ANN DALEY IN SUPPORT OF
PLAINTIFFS'** *EX PARTE* **MOTION FOR ORDER AUTHORIZING
ALTERNATE SERVICE OF PROCESS ON DEFENDANTS**

       I, Christine Ann Daley, declare and state as follows:

       1.    I am counsel of record for Plaintiffs, ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International ("ABS-CBN" or "Plaintiffs") in the above captioned action. I submit this Declaration, which is filed in support of Plaintiffs' *Ex Parte* Motion for Order Authorizing Alternate Service of Process (the "Motion for Alternate Service") on Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" to Plaintiffs' Motion for Alternate Service ("Defendants"). I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

       2.    On October 27, 2019, Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction (the "Application for Temporary Restraining Order") [ECF No. 5].[1] I hereby incorporate by reference all factual allegations

---

[1] Plaintiffs are moving for alternate service *ex parte* as Plaintiffs have yet to provide Defendants with notice of this action. On October 29, 2019, Plaintiffs filed an *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of

contained in my Declaration in Support of Plaintiffs' Application for Temporary Restraining Order [ECF No. 5-2].

3. Prior to filing this action, my firm accessed the fully interactive and accessible Internet websites and supporting domains operating under the domain names identified on Schedule "A" attached to Plaintiffs' Complaint (the "Subject Domain Names"). The websites advertise, offer for distribution, promote and/or perform ABS-CBN's copyrighted TV shows and movies (the "copyrighted content") and use counterfeits of ABS-CBN's trademarks at issue in this action to distribute and perform such copyrighted content. Defendants have structured their website businesses so that the means for Defendants' users to contact Defendants is via e-mail, including e-mail and onsite contact forms, and via private messaging on their social media platforms. True and correct copies of the relevant web pages reflecting samples of the Internet websites operating under the Subject Domain Names are attached as Composite Exhibit "3" to Plaintiffs' Complaint [ECF No. 1-4].

4. My firm obtained the publicly available domain name registration records ("WHOIS" records) for the Internet websites operating under Defendants' Subject Domain Names. A true and correct chart outlining Defendants' e-mail addresses identified on the WHOIS records for the Subject Domain Names is attached as Exhibit "1" to my Declaration in Support of Plaintiffs' Application for Temporary Restraining Order [ECF No. 5-3]. Additionally, my firm obtained the available e-mail addresses and social media platforms Defendants identified directly

---

Assets ("Application for Temporary Restraining Order") [ECF No. 5], currently pending before the Court. The instant Motion makes reference to Plaintiffs' Application for Temporary Restraining Order, and as such, Plaintiffs seek to prevent premature disclosure of the Application for Temporary Restraining Order. Therefore, upon providing Defendants with notice of the Application for Temporary Restraining Order and the Court's relevant Order thereon, Plaintiffs will also provide Defendants with a copy of the instant Motion.

on their respective Internet websites. The e-mail addresses and other means of electronic contact for Defendants are provided on Schedule "A" to Plaintiff's Motion for Alternate Service.

5. Each Defendant will be provided with notice of this action electronically via e-mail by providing the address to Plaintiffs' designated serving notice website to the e-mail addresses provided by Defendants as part of the domain registration data for each of the Subject Domain Names or on their respective websites operating thereunder, including via customer service e-mail addresses and onsite contact forms, via e-mail to the Registrar of record for each of their respective domain names, or via private message on Defendants' respective social media platforms. In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures.

6. Additionally, Plaintiffs will notify Defendants of this action via website posting. Plaintiffs have created a serving notice website and will be posting copies of the Complaint, the Application for Temporary Restraining Order, this Motion, and all other pleadings and documents on file in this action on its designated website located at http://servingnotice.com/BSNL4U/index.html ("Plaintiffs' Website"), such that anyone accessing Plaintiff's Website will find copies of all documents filed in this action. The address for Plaintiff's Website will be provided to Defendants via their known e-mail accounts, and will be included as part of service of process in this matter.

7. Plaintiffs have investigated Defendants and determined that their illegal operations are most likely based in and/or operating from the Islamic Republic of Pakistan ("Pakistan"), the Republic of the Philippines (the "Philippines"), the Republic of Turkey ("Turkey"), the Socialist Republic of Vietnam ("Vietnam"), or other foreign countries. Plaintiffs'

investigation looked at multiple connection data points, such as data Defendants identified in the WHOIS records for each of their respective Subject Domain Names, as well as information contained on Defendants' actual websites operating thereunder. While Plaintiffs have not been able to determine Defendants' exact location, Plaintiffs have good cause to believe Defendants are not residents of the United States.

8. I reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"),[2] to which the United States, Pakistan, Turkey, and Vietnam are signatories.[3] Pakistan and Vietnam[4] have declared that they do not oppose the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels. Turkey has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels. However, the Hague Convention does not preclude service by e-mail, and the declarations to the Hague Convention filed by Pakistan, Vietnam, and Turkey do not expressly prohibit service via e-mail or website posting. A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and

---

[2] See also Hague Service Convention, November 15, 1965, 20 U.S.T. 361, available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited October 27, 2019) (full text of the Hague Service Convention); https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited October 27, 2019) (listing the current contracting states).

[3] The Philippines is not a signatory to the Hague Convention. Additionally, I have not been able to identify any other treaties between the United States and the Philippines that governs service of process in a civil matter. See United States Department of State, Treatises in Force, available at https://www.state.gov/treaties-in-force/ (last visited October 27, 2019).

[4] Although Vietnam does not object to service as outlined in Article 10, Vietnam provides additional requirements to effect service of process through the methods set forth in Article 10(a).

Commercial Matters and a list of the signatory Members are attached hereto as Composite Exhibit "1."[5]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 29th day of October, 2019, at Arlington, Virginia.

*Christine Ann Daley*

---

[5] Composite Exhibit "1" also contains true and correct printouts of Pakistan's, India's, and Turkey's Declaration/Reservation/Notification in regards to the Hague Convention, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=436&disp=resdn; https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=425&disp=resdn; https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1337&disp=resdn (last visited August 1, 2019).